UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENNETH K. WASHBURN,<br><br>                Petitioner,<br><br>vs.<br><br>LEO BISCEGLIA, Superintendent,<br>Adirondack Correctional Facility,<br><br>                Respondent. | No. 9:08-cv-01308-JKS<br><br>MEMORANDUM DECISION |

      Petitioner Kenneth K. Washburn, a state prisoner appearing *pro se*, has filed a petition for habeas corpus relief under 28 U.S.C. § 2254.  Washburn is currently in the custody of the New York Department of Correctional Services, incarcerated at the Adirondack Correctional Facility.  Respondent has answered, and Washburn has replied.

I.  BACKGROUND/PRIOR PROCEEDINGS

      On September 17, 2008, Washburn was convicted on a guilty plea in the Warren County Court of one count of Grand Larceny in the Fourth Degree (N.Y. Penal Law § 155.30[1]).  At the time Washburn entered his plea and it was accepted by the Warren County Court, the court released him on his own recognizance.  Washburn was placed on interim probation with the understanding that, if he made full restitution to the victim, within approximately five months Washburn would be permitted withdraw his plea and enter a new plea to a single count of misdemeanor petit larceny with a sentence of three years' probation.[1]  The court further

---

[1] Docket No. 13-3, pp. 3–4.

admonished Washburn that if he did not make full restitution or if he violated any of the terms of his interim probation he would be sentenced to imprisonment of up to four years.[2] Washburn violated the terms of his interim probation, and the Warren County Court sentenced him, as a second felony offender, to an indeterminate prison term of one and one-half to three years.[3] At the sentencing hearing, prior to imposing sentence, defense counsel made an oral motion to withdraw the guilty plea which was denied.[4] Washburn did not appeal his conviction and sentence, nor has Washburn sought post-conviction relief in the New York state courts. Washburn timely filed his petition for relief in this Court on November 20, 2008.

## II.  GROUNDS RAISED/DEFENSES

In his petition to this Court Washburn raises four grounds:  (1) denial of a right to a fair trial; (2) failure to reduce plea agreement to writing or disclose in open court; (3) ineffective assistance of counsel; and (4) false arrest.  Respondent contends that Washburn has not exhausted his state court remedies as to his claims.  Respondent has raised no other affirmative defenses.[5]

## III.  DISCUSSION

This Court may not consider claims that have not been fairly presented to the state courts.[6]  In this case, not only did Washburn fail to appeal his conviction, he has not sought any

---

[2] Docket No. 13-3, p. 4.

[3] Docket No. 13-8, pp. 9, 12–13.

[4] Docket No. 13-8, pp. 4–7.

[5] Rules—Section 2254 Cases, Rule 5(b).

[6] 28 U.S.C. § 2254(b)(1); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing cases).

post-conviction relief permitted under New York law.  At the time Washburn filed his petition he had failed to exhaust his available state court remedies.  Consequently, his petition must be dismissed.[7]  Before presenting an issue in this Court, Washburn must present that issue in turn to each level of court authorized under New York law to consider it.  It is only if each level of state court rejects a claim that this Court may consider it.  Furthermore, Washburn's petition does not meet the criteria that would qualify it to be stayed and held in abeyance while he exhausted his state court remedies.[8]

IV.  ORDER

**IT IS THEREFORE ORDERED THAT** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DISMISSED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[9]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  *See* Fed. R. App. P. 22(b); Second Circuit R. 22.

The Clerk of the Court is to enter final judgment accordingly.

Dated:  October 16, 2009.

                                                /s/ James K. Singleton, Jr.
                                                JAMES K. SINGLETON, JR.
                                                United States District Judge

---

[7] *See Rhines v. Weber*, 544 U.S. 269, 275–78 (2005); *Engle v. Issac*, 456 U.S. 107, 125 n.28 (1982); *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

[8] *See Rhines*, 544 U.S. at 278.

[9] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted).